UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CIVIL ACTION NO. 07-144-GWU

WANNA HOWARD,                                                        PLAINTIFF,

VS.                  **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,            DEFENDANT.

       Currently before the court is the plaintiff's motion to remand for consideration of new evidence, as well as "additional consideration of evidence that was not correctly considered initially." Motion to Remand, Docket Entry No. 8, p. 1. The new evidence is a subsequent determination by a state agency physician finding the plaintiff disabled as of November 23, 2006, one day after the unfavorable decision at issue here.

       A remand under Sentence Six of 42 U.S.C. Section 405(g) may be granted only where the party seeking remand can show that: (1) the evidence is new, (2) the evidence is material, and (3) "good cause" exists for failing to submit it to the ALJ. Cline v. Commissioner of Social Security, 96 F.3d 146, 148-9 (6th Cir. 1996).

       While the evidence is new, and could not have been presented to the ALJ since it did not exist at the time he reached his decision, the court finds that it is not material. Materiality requires the plaintiff to demonstrate that there was a reasonable probability that the Commissioner would have reached a different

1

07-144 Howard

disposition of the disability claim if presented with the new evidence.  See, e.g., Sizemore v. Secretary of Health and Human Services, 865 F.2d 709, 711 (6th Cir. 1988).

The new evidence covers a period subsequent to the period at issue in the present appeal.  It is not evidence of the plaintiff's condition on or before the date of the ALJ's decision.  While counsel for the plaintiff suggests that reasonable minds can agree that his client did not suddenly become disabled the day after the ALJ's decision, the fallacy in this argument is that the subsequent award of benefits says nothing about the plaintiff's condition during the entire period being considered under the plaintiff's current application.  Therefore, there is no realistic likelihood that the evidence could have changed the decision.

The remainder of the plaintiff's arguments concern the weight given to certain exhibits by the ALJ, as well as alleged errors of law, which should properly be considered as a part of a Motion for Summary Judgment.

Accordingly,

IT IS HEREBY ORDERED that:

(1)     the plaintiff's Motion to Remand is DENIED; this, however, shall have no effect on agency reconsideration of these exhibits should the court subsequently determine that remand is necessary on other grounds;

07-144  Howard

(2) the plaintiff's Motion for Extension of Time is GRANTED; the plaintiff shall have up to and including February 11, 2008 to file his Motion for Summary Judgment and Supporting Memorandum; and

(3) the defendant shall have up to and including March 11, 2008 to file his Motion for Summary Judgment and Supporting Memorandum.

This the 9th day of January, 2008.

Signed By:

*G. Wix Unthank*

United States Senior Judge