UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CIVIL ACTION NO. 07-144-GWU

WANNA HOWARD, PLAINTIFF,

VS. **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

### INTRODUCTION

Wanna Howard brought this action to obtain judicial review of an unfavorable administrative decision on her application for Disability Insurance Benefits (DIB). The case is before the court on cross-motions for summary judgment.

### APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to Step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

1

> 4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).
>
> 5. Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).
>
> 6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7. See 20 C.F.R. 404.1520(e), 416.920(e).
>
> 7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply. Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to

support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. § 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1)

> whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way

4

to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

     Additional information concerning the specific steps in the test is in order.

     Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

     Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

07-144 Howard

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. § 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. §§ 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid.

In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Howard, a 54-year-old former factory assembler with a high school equivalent education, suffered from impairments related to chronic back and neck pain. (Tr. 15, 18, 20). Despite the plaintiff's impairments, the ALJ determined that she retained the residual functional capacity to perform the full range of medium level work. (Tr. 20). Since the claimant would be able to return to her past relevant work, she could not be considered totally disabled. (Id.).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence. Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff.

In determining that Howard could return to her past relevant work, the ALJ relied upon the testimony of Vocational Expert Gina Baldwin. The hypothetical question presented to Baldwin included the ability to perform the full range of

medium level work. (Tr. 412). In response, the witness testified that the plaintiff's past work could still be performed.[1] (Tr. 413). Therefore, assuming that the vocational factors considered by Baldwin fairly characterized the claimant's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

Howard was found capable of performing the full range of medium level work in an administrative decision which became final on March 25, 2004. (Tr. 32-40). Principles of res judicata require that the administration be bound by this decision unless a change of circumstances is proved upon a subsequent application. Drummond v. Commissioner of Social Security, 126 F.3d 837, 842 (6th Cir. 1997). Acquiescence Ruling 98-4(6) instructs that the agency "must adopt [the residual functional capacity finding] from a final decision by an ALJ or the Appeals Council on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period unless there is new and material evidence relating to such a finding . . . ." The ALJ's finding of a full range of medium level work is in accord with these directives.

---

[1] The ALJ in the March, 2004 denial decision, giving the plaintiff the "benefit of the doubt," found that the past work as an assembler could not be performed. (Tr. 38). On the current claim, the vocational expert testified that the past assembler work could be performed. (Tr. 413). Since Rule 203.14 of the medical-vocational guidelines would mandate a finding of "not disabled," any error in finding that she could return to her past work is harmless.

07-144  Howard

During the time frame relevant to this appeal, Howard was examined by Dr. Bobby Kidd.  Dr. Kidd noted a diagnostic impression of classic Bell's palsy on the right, complaints of fibromyalgia, being status post cataract surgery bilaterally and being status post skin cancer removal from the neck.  (Tr. 123).  Dr. Kidd noted largely normal physical examination results and he imposed no physical restrictions. (Tr. 119-125).  His report reveals no deterioration in the plaintiff's condition since the previous denial decision.

The record was reviewed by Dr. Humilidad Anzures and Dr. Parandhamulu Saranga, the non-examining medical reviewers.  Each reviewer indicated that Howard would be able to perform a full range of medium level work.  (Tr. 155-163, 289-297).  Thus, the administrative decision was consistent with these opinions.

Dr. Enaugau Mehari was the prime treating source for Howard's complaint of fibromyalgia.  Dr. Mehari did not identify more severe physical limitations than those found by the ALJ.  (Tr. 168-176).  The only functional restriction indicated by the staff at the Hope Family Medical Center was a need to quit smoking.  (Tr. 192-288, 326).  Dr. Thomas Fossett also did not impose more severe physical restrictions than those found by the ALJ.  These medical reports provide substantial evidence to support the administrative decision.

Dr. Charles Hardin, Howard's family physician, reported the existence of severe physical restrictions which would limit her to less than a full range of

sedentary level work.  (Tr. 347-348).  The ALJ rejected Dr. Hardin's opinion as binding because it was not well-supported by objective medical data and was offset by other evidence in the record. (Tr. 20).  Dr. Hardin related his restrictions primarily to fibromyalgia.  (Tr. 347-348).  However, the physician himself indicated that Dr. Mehari was the treating source for this condition.  (Tr. 165).  As previously noted, Dr. Kidd examined the plaintiff and failed to identify any trigger pain points to confirm the diagnosis of fibromyalgia. (Tr. 124-125).  Dr. Hardin's modest treatment notes do not suggest significant deterioration in the claimant's condition since the prior denial decision and, so, do not provide her with the "new and material" evidence to justify a change in the plaintiff's residual functional capacity assessment.   Therefore, the ALJ properly rejected Dr. Hardin's limitations.

Jeffrey Chad Martin, a chiropractor, identified the existence of more severe physical restrictions than those found by the ALJ, including standing, walking and sitting limitations which would effectively preclude work activity. (Tr. 307-308).  The ALJ considered Martin's findings but rejected the assessment as binding.  (Tr. 19).  This action was appropriate.   The federal regulations at 20 C.F.R. § 404.1513 indicate that a chiropractor is not considered an "acceptable medical source" whose opinion is binding on the administration.  <u>Walters v. Commissioner of Social Security</u>, 127 F.3d 525, 530 (6th Cir. 1997).  Social Security Ruling (SSR) 06-03p indicates that while an ALJ needs to consider the opinion of a "medical source" who

is not an "acceptable medical source" (SSR 06-03p, p. 5), only the opinion of an "acceptable medical source" can be considered as that of a treating source whose opinion is binding on the administration under the federal regulations (SSR 06-03p, p. 1). Therefore, the ALJ dealt properly with Martin's opinion.

Sonata Bohen, a nurse-practitioner, also submitted an assessment noting extremely severe physical restrictions. (Tr. 301-302). Under the federal regulations at 404.1513, Bohen was also not an "acceptable medical source" whose opinion could be binding on the ALJ. The ALJ took her opinion into consideration but rejected it. (Tr. 20). Therefore, the undersigned finds no error.

Dr. Richard Sheridan examined Howard in November of 2003 and limited her to less than a full range of sedentary level work. (Tr. 352-353). The ALJ considered this opinion but rejected it. (Tr. 20). The plaintiff complains that this action was erroneous. However, Dr. Sheridan's opinion was issued during the time period pertinent to the earlier DIB application which was denied in March of 2004. In that denial decision, the ALJ specifically considered and rejected Dr. Sheridan's findings. (Tr. 37). Therefore, since this opinion was issued during a time frame in which the claimant has been found disabled and has already been considered, the ALJ did not err in rejecting it.[2]

---

[2]The claimant submitted to the court a report from Dr. Sheridan dated September 17, 2001. Docket Entry No. 8, Exhibit 2. This report was also dated well before the relevant time period and during a time frame in which the plaintiff was working as an

Howard argues that the ALJ erred in failing to follow the Drummond requirements because the March, 2004 ALJ found that fibromyalgia was a "severe" impairment (Tr. 39) while the current one did not. In Drummond, the plaintiff had been found not disabled at the age of 49 and limited to sedentary level work. Drummond, 126 F.3d at 838. She applied again after turning 50 and would have been considered totally disabled under the medical-vocational guidelines if limited to sedentary level work. Drummond, 126 F.3d at 839. However, the ALJ on the subsequent application found that she could now perform medium level work and was not disabled. Id. This finding was made despite no new evidence being introduced on the later application showing improvement in the claimant's condition. Drummond, 126 F.3d at 843. The Sixth Circuit Court of Appeals concluded that, in the absence of evidence of medical improvement, the Commissioner was bound by its previous decision concerning the plaintiff's residual functional capacity. Drummond, 126 F.3d at 843. Thus, the key issue in Drummond concerned the claimant's residual functional capacity, not the ALJ's determination of her "severe" impairments.

In the present action, both ALJs found that Howard could perform the full range of medium level work. (Tr. 17, 39). While the two ALJs did make somewhat

---

assembler. (Tr. 102). Thus, this report does not help prove she was totally disabled during the time period pertinent to this appeal.

different findings with regard to the "severe" impairments which produced these physical restrictions, this factor would not appear crucial.  The mere diagnosis of a condition does not prove its severity and its disabling effects must still be shown. Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988).  Therefore, the court concludes that any error in failing to find fibromyalgia a "severe" impairment would be harmless.

The ALJ properly determined that Howard did not suffer from a "severe" mental impairment.  Psychologist William Rigby examined the plaintiff and diagnosed dysthymia. (Tr. 118).  Rigby opined that the plaintiff would have a "fair" ability to relate to others and deal with work stress and pressures. (Id.).  "Fair" was not defined by the examiner.  However, the claimant's Global Assessment of Functioning (GAF) was rated at 63, suggesting the existence of only "mild" psychological symptoms according to the American Psychiatric Association's Diagnostic and Statistical Manual of Mental Disorders (4th Ed.--Text Revision), p. 34.  The examiner opined that Howard appeared free of major mental illness and that her major problems appeared to be physical rather than mental.  (Tr. 117). Psychologists Laura Cutler (Tr. 141) and Jane Brake (Tr. 177) each reviewed the record and opined that it did not reveal the existence of a "severe" mental impairment.  The plaintiff has failed to raise any issue concerning the ALJ's

evaluation of the evidence of record relating to the claimant's mental condition. Therefore, the court finds no error.

The undersigned concludes that the administrative decision should be affirmed. Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 9th day of April, 2008.

Signed By:

<u>G. Wix Unthank</u>

United States Senior Judge